# EXHIBIT 2

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                         :

CACHET FINANCIAL SERVICES,
                                                         :

                     Plaintiff,          :    Civil Action No. 19-CV-1181

                                                           :

     -against-
                                                           :

MYPAYROLLHR, LLC; MICHAEL MANN;
VALUEWISE CORPORATION; ROSS PERSONNEL  :
CONSULTANTS INC.; SOUTHWESTERN
PAYROLL SERVICES INC.; ESSQUE, INC. (D/B/A  :
HEUTMAKER BUSINESS ADVISORS); AND DOES
1-10,                                                    :

                   Defendants.       :
------------------------------------------------------------------X

**DECLARATION OF EVAN K. FARBER IN SUPPORT OF PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION; MOTION FOR AN ORDER OF ATTACHMENT; AND MOTION FOR EXPEDITED DISCOVERY**

       I, EVAN K. FARBER, an attorney duly admitted to practice before the United States District Court for the Northern District of New York, make this declaration pursuant to 28 U.S.C. § 1746. I hereby state as follows:

       1.    I am a member of Loeb & Loeb LLP, counsel for Plaintiff Cachet Financial Services ("Cachet") in the above-captioned action. I am fully familiar with the matters stated below. I submit this Declaration in support of Cachet's motion, filed by order to show cause pursuant to Fed. R. Civ. P. 26, 64, and 65, (1) for a temporary restraining order and preliminary injunction prohibiting Defendants from transferring funds from bank accounts under their control; (2) for an order of attachment as to these bank accounts; and (3) for expedited discovery.

2. Cachet seeks a temporary restraining order because emergency injunctive relief is necessary to prevent Defendants from diverting and secreting the more than $26 million they have stolen from Cachet and deposited into bank accounts that Defendants control.

3. Time is of the essence. Defendants are in possession of in excess of $26 million which rightfully belongs to Cachet. For the reasons described in the Complaint and in the memorandum of law and other declaration accompanying this Declaration, in the absence of a temporary restraining order and preliminary injunction, there is a significant risk that Defendants will dissipate these funds, to the extent that they have not done so already. Such an outcome will eviscerate Cachet's ability to be made whole at the end of this litigation.

4. I provided notice via email of Plaintiff's motion for a temporary restraining order and the other relief sought herein to Michael L. Koenig (mkoenig@hinckleyallen.com) of Hinckley, Allen Law Firm, counsel for Defendants Michael Mann ("Mann"), MyPayrollHR, LLC, (f/k/a Cloud Payroll LLC), Valuewise Corporation, and Ross Personnel Consultants, Inc.; Andrew Jayne (ajayne@bgjclaw.com) of Baum Glass Jayne & Carwile, the lawyer whom I believe to be counsel for Defendant Southwestern Payroll Services Inc.; and John Heutmaker (john@heutmaker.com) of Essque, Inc. (d/b/a Heutmaker Business Advisors). I sent the notice email, a true and correct copy of which is attached hereto as **Exhibit 1**, to the above-referenced individuals at the indicated email addresses. I sent the notice on October 7, 2019 at approximately 4:59 p.m., advising that I intended to e-file the instant motion by close of business on October 8, 2019 pursuant to the Court's procedures.

5. Attached hereto as **Exhibit 2** is a true and correct copy of the Criminal Complaint filed against Mann in the United States District Court for the Northern District of New York on September 20, 2019 in the case bearing Index Number 19-MJ-602-DJS (the "Criminal Case").

6. Attached hereto as **Exhibit 3** is a true and correct copy of the Order Setting Conditions of Release filed on September 23, 2019 in the Criminal Case.

7. No prior application has been made for the relief requested herein.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: New York, New York
October 8, 2019

/s/ Evan Farber
Evan K. Farber

Case 1:19-cv-01181-FJS-CFH Document 74 Filed 10/08/19 Page 9 of 10

# EXHIBIT 1

| | |
|---|---|
| **From:** | Evan Farber |
| **To:** | mkoenig@hinckleyallen.com; john@heutmaker.com; ajayne@bgjclaw.com |
| **Cc:** | Daniel Platt; Donald A. Miller; Matt Anderson |
| **Subject:** | Cachet Financial Services v. MyPayrollHR, LLC, et al., 19-cv-01181 (N.D.N.Y.) |
| **Date:** | Monday, October 7, 2019 4:59:19 PM |

Please be advised that Plaintiff Cachet Financial Services intends to e-file, by close of business tomorrow, October 8, 2019, a motion for (1) a temporary restraining order and preliminary injunction, (2) an order of attachment, and (3) expedited discovery. Pursuant to the Court's procedures, after the motion is e-filed, Plaintiff's counsel will call the Court to notify the court of the filing, at which point we anticipate that the Court will issue an order scheduling a telephone conference regarding the motion.


**Evan K. Farber**
*Partner*

**LOEB & LOEB LLP**

**1909-2019 | CELEBRATING OUR 110TH ANNIVERSARY**
345 Park Avenue | New York, NY 10154
**Direct Dial:** 212.407.4018 | **Fax:** 646.619.4728 | **E-mail:** efarber@loeb.com
**Los Angeles | New York | Chicago | Nashville | Washington, DC | San Francisco | Beijing | Hong Kong | www.loeb.com**

# EXHIBIT 2

Case 1:19-cv-01181-FJS-CFH   Document 74-8   Filed 02/24/20   Page 8 of 16
Case 1:19-cv-01181-FJS-CFH   Document 14   Filed 10/08/19   Page 12 of 101

AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Northern District of New York

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br><br>MICHAEL T. MANN,<br><br>Defendant. | Case No.  1:19-MJ- 602  (DJS) |

FILED
U.S. DISTRICT COURT - N.D. OF N.Y.
AT_____O'CLOCK
SEP 2 0 2019
John M. Domurad, Clerk - Albany

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.  On or about the dates of August 1, 2019 through August 30, 2019, in the county of Saratoga in the Northern District of New York, and elsewhere, the defendant violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 1344 | Bank fraud |

This criminal complaint is based on these facts:
Please see attached affidavit.

☒  Continued on the attached sheet.

Attested to by the Applicant in Accordance with the Requirements of Rule 4.1 of the Federal Rules of Criminal Procedure.

_____
Complainant's signature

FBI Special Agent Matthew J. Wabby
Printed name and title

Sworn to before me and signed in my presence.

Date:  9/20/2019
_____

City and State:  Albany, New York

_____
Judge's signature

Hon. Daniel J. Stewart, U.S. Magistrate Judge
Printed name and title

## Affidavit in Support of a Criminal Complaint

Special Agent **Matthew J. Wabby**, of the Federal Bureau of Investigation (FBI), deposes and states as follows:

### Introduction

1.　I respectfully submit this affidavit in support of a criminal complaint charging Michael T. Mann ("Mann") with committing bank fraud, in violation of 18 U.S.C. § 1344.

2.　I am a Special Agent with the FBI, and have been so employed since September 2012. In June 2019, I was assigned to the FBI Albany Field Office's White Collar Squad, investigating corruption, fraud, money laundering, and related crimes.

3.　Previously I was assigned to the FBI's Plattsburgh Residence Agency and investigated a variety of crimes within the jurisdiction of the FBI, including corruption of federal officers, drug trafficking organizations, money laundering, financial crimes (including wire fraud), and violent crimes. Prior to becoming a Special Agent, I worked in public accounting for approximately seven years, where I became a Certified Public Accountant (CPA). I am still a licensed CPA and also a Certified Fraud Examiner (CFE).

4.　I am familiar with the facts of this case based on my personal involvement in this investigation and my conversations with law enforcement officers and agencies, my review of various reports in connection with the matter, and my interviews of witnesses. Where statements of others are related in this affidavit, they are related in substance and in part. Because this affidavit is submitted for the limited purpose of showing probable cause for a complaint, I have not set forth every fact that I know concerning this investigation.

1

## Statute

5. Section 1344 of Title 18 of the United States Code states:

Whoever knowingly executes, or attempts to execute, a scheme or artifice—

(1) to defraud a financial institution; or

(2) to obtain any of the moneys, funds, credits, assets, securities, or other property owned by, or under the custody or control of, a financial institution, by means of false or fraudulent pretenses, representations, or promises;

shall be fined not more than $1,000,000 or imprisoned not more than 30 years, or both.

## Basis for a Finding of Probable Cause

6. Mann operates ValueWise Corporation ("ValueWise"), which is the parent company of MyPayrollHr ("MyPayroll"). These companies, and others controlled by Mann, maintain accounts at Pioneer Bank ("Pioneer") and Bank of America ("BOA"). Pioneer and BOA are both financial institutions insured by the Federal Deposit Insurance Corporation.

7. Until this month, MyPayroll, based in Clifton Park, New York, processed payroll and tax payments for small-business clients located across the country. MyPayroll appears to have had approximately 1,000 clients, which in turn, collectively, appear to have thousands of employees. On or about September 5, 2019, MyPayroll suddenly ceased operations.

8. MyPayroll processed payroll through the Automated Clearing House (ACH) network. Cachet Financial Services ("Cachet"), based in Pasadena, California, acted as MyPayroll's ACH intermediary, routing payments from MyPayroll's clients to those clients' employees pursuant to instructions provided by MyPayroll.

9. Cachet's representatives have stated that on or about September 5, 2019, MyPayroll failed to route employers' payroll payments to Cachet, as scheduled.

2

10. Around the same time, both Bank of America and Pioneer froze Mann's companies' accounts. BOA has reported that it froze the accounts because Mann was "kiting" millions of dollars in checks between his accounts at BOA and Pioneer, from August 1, 2019 through August 30, 2019. From my training and experience, I know kiting to be a common form of fraud in which an individual writes checks drawn on one account and deposits them to a second account (with the accounts at different banks), and then reverses the process by immediately writing checks from the second account back to the first account. This inflates the balance for one or both accounts, and can create the appearance that someone has more money than they actually have. (Check kiting can also involve more than two accounts.)

11. On September 10, 2019, Mann appeared with counsel at the United States Attorney's Office in Albany, where he was interviewed by myself and others. The interview was recorded. He was informed, and said he understood, that his statements could be used against him.

12. In sum and substance, Mann stated that he wished to accept responsibility for his conduct, and confess to a fraudulent scheme that he had been running for years.

13. Starting in 2010 or 2011, according to Mann, he began borrowing large sums of money from banks and financing companies under false pretenses. While stating that MyPayroll was legitimate, he admitted to creating other companies that had no purpose other than to be used in the fraud; fraudulently representing to banks and financing companies that his fake businesses had certain receivables that they did not have; and obtaining loans and lines of credit by borrowing against these non-existent receivables.

14. Mann estimated that he fraudulently obtained about $70 million that he has not paid back. He claimed that he committed the fraud in response to business and financial

3

pressures, and that he used almost all of the fraudulently obtained funds to sustain certain businesses, and purchase and start new ones. He also admitted to kiting checks between Bank of America and Pioneer, as part of the fraudulent scheme.

15. Pioneer was Mann's largest creditor, according to Mann. In sum and substance, Mann stated that the payroll issue – described in paragraphs 7 through 9 above – was precipitated by his decision to route MyPayroll's clients' payroll payments to an account at Pioneer instead of directly to Cachet. He did this in order to temporarily reduce the amount of money he owed to Pioneer. When Pioneer froze Mann's accounts, it also (inadvertently) stopped movement of MyPayroll's clients' payroll payments to Cachet.

### Conclusion

16. I respectfully submit that this affidavit supports probable cause for a criminal complaint charging Michael T. Mann with committing bank fraud, in violation of 18 U.S.C. § 1344.

_____
Matthew J. Wabby
FBI Special Agent

Sworn to before me this
20th day of September, 2019

_____
Hon. Daniel J. Stewart
United States Magistrate Judge

4

# EXHIBIT 3

Case 1:19-cv-01181-FJS-CFH Document 77-8 Filed 02/24/20 Page 14 of 16
Case 1:10-mj-00602-DJS Document 4 Filed 09/23/19 Page 1 of 10

AO 199A Order Setting Conditions of Release

# United States District Court
## Northern District of New York

United States of America

v.

**MICHAEL T. MANN**

Defendant

ORDER SETTING CONDITIONS
OF RELEASE

Case Number : 1:19-MJ-602-DJS

IT IS ORDERED that the release of the defendant is subject to the following conditions:

(1) The defendant shall not commit any offense in violation of federal, state or local law while on release in this case.

(2) The defendant must cooperate in the collection of a DNA sample if the collection is authorized by 42 U.S.C. § 14135a.

(3) The defendant shall immediately advise the court, defense counsel and the U.S. Attorney in writing before any change in address and telephone number.

(4) The defendant shall appear at all proceedings as required and shall surrender for service of any sentence imposed as directed. The defendant shall appear at:

### Release on Personal Recognizance or Unsecured Bond

IT IS FURTHER ORDERED that the defendant be released provided that:

(✔) (4) The defendant promises to appear at all proceedings as required and to surrender for service of any sentence imposed.

( ) (5) The defendant executes an unsecured bond binding the defendant to pay the United States the sum of
_____ dollars ($_____) in the event of a failure to appear as required or to surrender as directed for service of any sentence imposed.

### Additional Conditions of Release

Upon finding that release by one of the above methods will not by itself reasonably assure the appearance of the defendant and the safety of other persons and the community.

IT IS FURTHER ORDERED that the release of the defendant is subject to the conditions marked below:

( ) (6) The defendant is placed in the custody of:
(Name of person or organization):_____

(City and state):_____ (Tel. No.)_____
who agrees (a) to supervise the defendant in accordance with all the conditions of release, (b) to use every effort to assure the appearance of the defendant at all scheduled court proceedings, and (c) to notify the court immediately in the event the defendant violates any conditions of release or disappears.

Signed:_____ _____
Custodian or Proxy                                                          Date

[FILED SEP 23 2019 AT \_\_\_ O'CLOCK John M. Domurad, Clerk - Albany U.S. DISTRICT COURT - N.D. OF N.Y.]

**Conditions of Release (continued)**

(X)   (7) The defendant shall:
(X) (a) Report to the Pretrial Services upon release, telephone number (518) 257-1700, and as directed thereafter. The defendant shall allow a probation officer to visit at anytime at the defendant's home or elsewhere, and shall permit confiscation of any contraband observed in plain view of the probation officer. The defendant shall refrain from possessing a firearm, destructive device, or other dangerous weapon.
(X) (b) Execute a bond or an agreement to forfeit upon failing to appear as required the following sum of money or designated property: **in the amount of $200,000.00 to be secured by property.**
( ) (c) Post with the court the following indicia of ownership of the above-described property, or the following amount or percentage of the above-described:
( ) (d) Execute a bail bond with solvent securities in the amount of
(X) (e) Maintain or actively seek employment.
( ) (f) Maintain or commence an educational program.
(X) (g) Surrender any passport to: **The Clerk of the Court**[1].
(X) (h) Obtain no passport or travel documents.
(X) (i) Restrict travel to the Northern of New York unless approved by Pretrial Services or the Court.
(X) (j) Remain at an authorized address as approved by Pretrial Services or the Court.
( ) (k) Avoid all contact with co-defendants and defendants in related cases unless approved by Pretrial Services or the Court.
( ) (l) Avoid all contact, directly or indirectly, with any persons who are or who may become a victim or potential witness in the subject investigation or prosecution, including but not limited to : _____
( ) (m) Submit to a mental health evaluation and/or treatment as approved by Pretrial Services or the Court. The defendant shall contribute to the cost of services rendered in an amount to be determined by the probation officer based on ability to pay or availability of third party payments.
( ) (n) Return to custody each (week)day as of after being released each (week)day as of for employment, schooling, or the following limited purpose(s):
( ) (o) Maintain residence at a halfway house or community corrections center, as approved by Pretrial Services or the Court.
( ) (p) Refrain from ( ) any ( ) excessive use of alcohol.
( ) (q) Refrain from possession, use, distribution, importation, or manufacture of any and all controlled substances and any and all controlled substance analogues, as defined in 21 U.S.C. §802, except that possession and use of a controlled substance properly prescribed by a licensed medical practitioner is permitted.
( ) (r) Submit to any method of testing required by the pretrial services office or the supervising officer for determining whether the defendant is using a prohibited substance. Such methods may be used with random frequency and include urine testing, the wearing of a sweat patch, and/or a remote alcohol testing system.
( ) (s) Participate in and successfully complete a program of inpatient or outpatient substance abuse therapy and counseling approved by Pretrial Services or the Court. The defendant shall contribute to the cost of services rendered in an amount to be determined by the probation officer based on ability to pay or availability of third party payments.
( ) (t) Refrain from obstructing or attempting to obstruct or tamper, in any fashion, with the efficiency and accuracy of any prohibited substance testing or electronic monitoring which is (are) required as a condition(s) of release.
( ) (u) Participate in one of the following home confinement program components and abide by all the requirements of the program which ( ) will or ( ) will not include electronic monitoring or other location verification system. You shall pay all or part of the cost of the program as determined by the probation officer based upon ability to pay.
( ) (v) **Curfew.** The defendant is restricted to the defendant's residence every day( ) from to or ( ) as directed by Pretrial Service or the Court.
( ) (w) **Home Detention.** The defendant is restricted to the defendant's residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities as pre-approved by Pretrial Services or the Court.
( ) (x) **Home Incarceration.** The defendant is restricted to the defendant's residence at all times except for medical needs or treatment, religious services, and court appearances pre-approved by Pretrial Services or the Court.
(X) (y) Report within 72 hours, to Pretrial Services or the Court any contact with any law enforcement personnel, including, but not limited to, any arrest, questioning, or traffic stop.
(X) (z) The defendant shall not commit another crime, in the United States or elsewhere (including any criminal violation of the law of any province, state, county, town, city, village, or other subdivision of a country, or of any recognized tribe).
(X)     The Defendant shall provide the Probation Officer with access to any requested financial information.
(X)     The Defendant shall not incur new credit charges or open additional lines of credit without the approval of the Probation Officer.

---

[1] For U.S. Passports, the passport will be returned to the U.S. Office of Passport Policy and Planning upon conviction; For Foreign Passports, the passport will be forwarded to the Bureau of Immigration and Customs Enforcement (ICE); The passport will **only** be returned to the defendant if the case is dismissed.

AO 199A Order Setting Conditions of Release

**Advice of Penalties and Sanctions**

TO THE DEFENDANT:

YOU ARE ADVISED OF THE FOLLOWING PENALTIES AND SANCTIONS:

A violation of any of the foregoing conditions of release may result in the immediate issuance of a warrant for your arrest, a revocation of release, an order of detention, and a prosecution for contempt of court and could result in a term of imprisonment, a fine or both.

The commission of a Federal offense while on pretrial release will result in an additional sentence of a term of imprisonment of not more than ten years, if the offense is a felony; or a term of imprisonment of not more than one year, if the offense is a misdemeanor. This sentence shall be in addition to any other sentence.

Federal law makes it a crime punishable by up to 10 years of imprisonment and a $250,000 fine or both to obstruct a criminal investigation. It is a crime punishable by up to ten years of imprisonment, and a $250,000 fine or both to tamper with a witness, victim or informant; or to intimidate or attempt to intimidate a witness, victim, juror, informant or officer of the court. The penalties for tampering, retaliating and intimidation are significantly more serious if they involve a killing or attempted killing.

If after release, you knowingly fail to appear as required by the conditions of release, or to surrender for the service of sentence, you may be prosecuted for failing to appear or surrender and additional punishment may be imposed. If you are convicted of:
(1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more, you shall be fined not more than $250,000 or imprisoned for not more than 10 years, or both;
(2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years, you shall be fined not more than $250,000 or imprisoned for not more than five years, or both;
(3) any other felony, you shall be fined not more than $250,000 or imprisoned for not more than two years, or both;
(4) a misdemeanor, you shall be fined not more than $100,000 or imprisoned for not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender shall be in addition to the sentence for any other offense. In addition, a failure to appear or surrender may result in the forfeiture of any bond posted.

**Acknowledgment of Defendant**

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed, and to surrender for service of any sentence imposed. I am aware of the penalties and sanctions set forth above.

_____
Signature of Defendant

_Northville, NY_
City and State

**Directions to United States Marshal**

(X) The defendant is ORDERED released after processing.

( ) The United States Marshal is ORDERED to keep the defendant in custody until notified by the clerk or judicial officer that the defendant has posted bond and/or complied with all other conditions for release. The defendant shall be produced before the appropriate judicial officer at the time and place specified, if still in custody.

Date: **September 23, 2019**

_____
Hon. Daniel J. Stewart
U.S. Magistrate Judge